Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street
Suite 3100
Los Angeles, California 90071
Telephone: (213) 426-2137

David Baldwin (SBN 301970)
david@davidbaldwinlaw.com
LAW OFFICE OF DAVID BALDWIN
333 S. Grand Ave., Suite 450
Los Angeles, California 90071
Telephone: (323) 595-3989
Facsimile: (323) 417-5176

David Gharakhanian, Jr. (SBN 251642)
david@gplitigation.com
GP LAW GROUP, APC
204 S. Beverly Drive, Suite 115
Beverly Hills, California 90212
Telephone: (310) 860-0600
Facsimile: (310) 861-0506

Attorneys for Plaintiff
MICHAEL BRADLEY JOHNSON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL BRADLEY JOHNSON, an individual,<br><br>*Plaintiff*,<br><br>vs.<br><br>MARQUIS LEWIS p/k/a RETNA, an individual, IRON EYE ART GROUP, INC., a California Corporation, and DOES 1-10, inclusive,<br><br>*Defendants*. | Case No: 2:17-cv-1877<br><br>**COMPLAINT**<br><br>*Jury Trial Demanded* |

Plaintiff Michael Bradley Johnson, for his Complaint against Defendants Marquis Lewis, Iron Eye Art Group, Inc., and Does 1 through 10, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action under federal copyright law seeking to put a stop to, and obtain redress for, defendants' blatant and purposeful infringement of plaintiff's copyright in various works of art.

2. Plaintiff is a successful artist who makes sculptural works of art using methods of forming and treating metal. After commissioning plaintiff to make two- and three-dimensional metal artwork, defendants have not only refused to pay for the commissioned pieces, but are now brazenly making and selling copies of plaintiff's artwork, without attribution or compensation.

3. Defendants' conduct is causing—and unless enjoined will continue to cause—enormous and irreparable harm to plaintiff. Defendants may not continue to copy plaintiff's artistic works without authorization, thereby profiting in the millions of dollars off plaintiff's artistic expression. Defendants' conduct must immediately be stopped and plaintiff must be compensated for defendants' willful acts of infringement.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 et seq. This Court therefore has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1338(a).

5. This Court also has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the Lanham Act, 15 U.S.C. § 1051 et seq., specifically 15 U.S.C. § 1125(a).

6. This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367 as they are so related to the federal claims within the original jurisdiction of this Court that they form part of the same case or controversy.

7. This Court has personal jurisdiction over defendants because, among other things, defendants are doing business in the State of California and in this

judicial district, and defendants have caused injury to plaintiff and his intellectual property within the State of California and in this judicial district.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) and (b)(2) and § 1400(a).

## PARTIES

9. Plaintiff Michael Bradley Johnson is a resident of the County of Los Angeles in the State of California. Plaintiff is an artist and sole author of the two works of art attached to this Complaint as **Exhibit A** (the "Copyrighted Works") and a legal and/or beneficial owner of a copyright interest in and to those works.

10. Defendant Marquis Lewis, professionally known as RETNA ("RETNA") is a resident of the County of Los Angeles in the State of California. RETNA is a well-known contemporary artist who is primarily recognized for graffiti art, street art, and mural art. RETNA also makes works of art that he sells, often through Defendant Iron Eye Art Group, Inc., a gallery that, on information and belief, he owns and operates.

11. Defendant Iron Eye Art Group, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business in Los Angeles, California. Iron Eye does business in this judicial district. Iron Eye is engaged in the business of, among other things, advertising, marketing, producing and selling works of art. On information and belief, Iron Eye is owned and operated by defendant RETNA.

12. The true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued as Does 1 through 10, are unknown to plaintiff, who therefore sues these defendants by fictitious names (the "Doe Defendants"). Plaintiff will seek leave of Court to amend this complaint to state their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and on that basis avers, that the Doe Defendants are liable to Plaintiff as a result of their participation in all or some of the acts alleged in this Complaint. RETNA, Iron

Eye, and the Doe Defendants are referred to collectively as "Defendants."

13. Plaintiff is informed and believes and on that basis alleges that at all relevant times each of the defendants was the agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the remaining defendants and was at all times acting within the scope of such relationship, or actively participated in or subsequently ratified and adopted each of the acts alleged, with full knowledge of all the facts and circumstances, including but not limited to, full knowledge of each and every violation of plaintiff's rights and damages to plaintiff proximately caused by such violation.

## BACKGROUND FACTS

### A. Plaintiff's Art

14. Plaintiff is an artist who, among others things, works with metals and other materials to create two- and three-dimensional artistic works.

15. Plaintiff uses various metal-surface-finishing treatments and methods to create specific effects on the metal he uses for making art. Such methods include polishing; sandblasting; electroplating and electroless plating; acid treatment; coating with paint, ceramic, or other materials—including a glow-in-the-dark ceramic that plaintiff invented; and oxidation and other chemical processes. For three-dimensional artistic works, plaintiff forms the metal into desired shapes to create the final work. Plaintiff uses a metal foundry and a plating company to prepare the metal to his precise specifications, thus having exclusive and ultimate control over the metal work and finishing.

16. Plaintiff's choices—the type or types of metal, combination of metals, the surface-finishing techniques, the shape and form of the metal—are critical to the overall visual appearance and effect of the artistic work on the viewer. The results of these choices constitute artistic expression that is entitled to copyright protection.

///

///

**B. RETNA Commissions Plaintiff to Create Art.**

17. In approximately mid-2014, RETNA commissioned plaintiff to make two-dimensional metal art work based on RETNA's original works. RETNA provided plaintiff with electronic vector files of his own art work, which plaintiff would use to create a new work of art using the metal finishing techniques described above. Plaintiff created six (6) pieces of two-dimensional art in this way.

18. While working on the commissioned works, plaintiff also suggested the creation of a three-dimensional work of art based on a foam object with RETNA art milled into the foam, which plaintiff saw in RETNA's studio. Plaintiff created a mold of a portion of the foam object, cast the mold in metal, and then used his signature treatment processes to finish the cast metal into a three-dimensional sculpture. Plaintiff created two (2) of these three-dimensional sculptures using the mold.

19. Plaintiff also created a glow-in-the-dark bicycle meant for musical artist Usher. In total, plaintiff created nine (9) artistic works on commission (the "Commissioned Works"), including the two Copyrighted Works.

20. Other than providing the vector files to plaintiff for the two-dimensional works, RETNA provided no meaningful artistic contribution to the Commissioned Works, including the Copyrighted Works. Infrequently, RETNA gave input on some artistic choices when plaintiff asked for his opinion, but RETNA provided no labor or artistic skill in creating the Commissioned Works, including the Copyrighted Works. As such, plaintiff is the sole author of the Copyrighted Works.

21. Plaintiff filed an application for copyright registration with the United States Copyright Office for the Copyrighted Works on[NEED NEW DATE], 2017, and is awaiting the issuance of registration. A true and correct copy of plaintiff's application for copyright registration is attached to this Complaint as **Exhibit B**.

22. Plaintiff was not compensated for his time or labor in creating the Commissioned Works. Instead, RETNA promised to compensate plaintiff with original items of RETNA art, as well as with proceeds from the sale of copies of the

three-dimensional work.

23. In addition, RETNA or Iron Eye initially paid the metal-working expenses for the Commissioned Works. For the Commissioned Works created later, RETNA refused to pay these expenses. The working relationship subsequently broke down when, after plaintiff asked RETNA to pay outstanding expenses, RETNA threatened to send “the rollin’ 60s” to shoot up plaintiff’s house if he asked for money again.

**C. RETNA Makes and Sells Infringing Copies of Plaintiff’s Works.**

24. After RETNA ended the working relationship with plaintiff, it embarked on a scheme to create infringing copies of the Copyrighted Works and, with plaintiff intentionally left out of the picture, pocketed all of the profits.

25. In or around June 2015, plaintiff learned that defendants and/or their agents were making and selling infringing copies of at least one (1) of the Copyrighted Works. Specifically, plaintiff learned that RETNA is creating derivative works of plaintiff’s three-dimensional sculptures.

26. On information and belief, RETNA has made a mold out of a larger portion of the foam object from which plaintiff made his original mold that created the three-dimensional Copyrighted Works. RETNA’s large mold comprises all or substantially all of plaintiff’s original mold, and plaintiff’s original mold comprises a significant proportion of RETNA’s larger mold.



*Figure 1: plaintiff's original*



*Figure 2: RETNA derivative work*

27. On information and belief, RETNA is creating metal casts from this larger mold and then finishing the metal with the same treatments and processes that plaintiff used to create the three-dimensional Commissions Works. As shown below, the result are sculptures that have the same artistic characteristics as plaintiff's original, that comprise all of plaintiff's original (*see* Figures 1 and 2):



*Figure 3: plaintiff's work outlined in red*

28. As shown in Figure 3, plaintiff's original work makes up a significant portion of RETNA's larger work.

29. Because it encompasses the entirety of plaintiff's original, and because plaintiff's original comprises a significant portion of the work, RETNA's sculptures are derivative works of plaintiff's original.

30. On information and belief, RETNA has made an unknown quantity of these derivative sculptures (the "Derivative Works"), and continues to do so.

31. On information and belief, defendants sell, and have sold, an unknown number of Derivative Works, at prices reaching $250,000.00 per piece.

32. Defendants have not paid plaintiff any portion of the proceeds from the sale of the Derivative Works. Nor have defendants ever provided plaintiff with an accounting of the profits from the sale of the Derivative Works.

33. On information and belief, RETNA ended the collaboration with plaintiff in part so that he could make the Derivative Works without having to pay plaintiff a portion of the proceeds from the sale of those Works.

**CLAIM ONE**

**Copyright Infringement**

**(Against All Defendants)**

34. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

35. Through their conduct alleged in this Complaint, defendants have infringed plaintiff's copyright in the Copyrighted Works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

36. As a direct and proximate result of defendants' infringement, plaintiff is entitled to damages in an amount to be proven at trial.

37. Plaintiff is also entitled to defendants' profits attributable to the infringement, under 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

///

///

38. Plaintiff is further entitled to his attorney fees and full costs under 17 U.S.C. § 505 and otherwise according to law.

39. Defendants' acts of infringement were willful, intentional, and purposeful, in disregard of and with indifference to plaintiff's rights, which further subjects defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per work. Within the time permitted by law, plaintiff will make his election between actual damages and statutory damages.

40. As a direct and proximate result of the alleged acts and conduct, plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for where there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, defendants will continue to infringe plaintiff's rights in the Copyrighted Works. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin defendants' continuing infringing conduct.

## CLAIM TWO

## Vicarious and/or Contributory Infringement

## (Against All Defendants)

41. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

42. Plaintiff is informed and believes and on that basis alleges that defendants knowingly induced, participated in, aided and abetted in, and profited from the unauthorized reproduction and/or subsequent distribution of the Copyrighted Works.

43. Plaintiff is informed and believes and on that basis alleges that defendants, and each of them, are vicariously liable for the infringements alleged above because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

44. By reason of each of the defendant's acts of contributory and vicarious infringement as alleged above, plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and specific damages in an amount to be established at trial.

45. Plaintiff is informed and believes and on that basis alleges that defendants' acts of contributory and vicarious infringement, as alleged above, were willful, intentional, and malicious, which further subjects defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per work. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

**CLAIM THREE**

**Lanham Act Unfair Competition and False Designation of Origin**

**15 U.S.C. § 1125(a)**

**(Against All Defendants)**

46. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

47. The Copyrighted Works are the sole creations of plaintiff and, as such, originated from plaintiff and not RETNA.

48. On information and belief, in selling and offering for sale the Copyrighted Works, defendants deliberately and willfully misrepresented to buyers that the Works are solely the creation of RETNA, not the sole creation of plaintiff.

49. Defendants' misrepresentations concerning the creative origin of the Copyrighted Works are likely to cause confusion in buyers and potential customers looking to buy artistic works like the Copyrighted Works—namely, such consumers are likely be believe that the creator of the Copyrighted Works is RETNA solely, not plaintiff solely.

50. Plaintiff is harmed by the false designation of origin alleged above in an amount to be proved at trial.

**CLAIM FOUR**

**Equitable Accounting**

**(Against All Defendants)**

51. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

52. Defendants has sold at least some of the Commissioned Works without compensating plaintiff.

53. Plaintiff is entitled to an accounting from defendants concerning the monies and other property received by them, or any entities controlled by them, with respect to the sales of the Commissioned Works.

**CLAIM FIVE**

**Breach of Contract**

**(Against RETNA)**

54. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

55. In or about mid-2014, plaintiff and RETNA entered into a binding contract whereby RETNA commissioned plaintiff to produce artistic works for the purpose of selling and profiting from the sale of those works.

56. By the terms of the agreement, plaintiff was to receive in-kind original art, as well as a share of the proceeds earned on the sale of the Commissioned Works.

57. Plaintiff has performed all conditions, covenants, and promises required on its part under the contract.

58. RETNA breached the agreement by, among other things, failing to provide all of the in-kind original art that was agreed to be provided, by failing to pay plaintiff any share of the proceeds from the sale of the Commissioned Works, and by failing to pay the expenses related to the creation of the Commissioned Works.

59. Plaintiff has requested that RETNA perform his obligations under the contract. RETNA has failed and refused to compensate plaintiff fully as agreed under

the contract.

60. As a direct and proximate result of RETNA's breach of the agreement, plaintiff has suffered damages in an amount to be proven at trial.

61. As a further direct and proximate result of RETNA's breach, plaintiff did not realize the benefit bargained for under the agreement and has been compelled to incur significant consequential damages, including expenses, attorney fees, and other costs in an amount to be determined at trial.

**CLAIM SIX**

**Breach of Joint Venture Agreement**

**(Against RETNA)**

62. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

63. In or around mid-2014, plaintiff and RETNA entered into a joint-venture agreement whereby RETNA commissioned plaintiff to produce artistic works for the purpose of selling and profiting from the sale of those works.

64. By the terms of the agreement, plaintiff was to receive in-kind original art, as well as a share of the proceeds earned on the sale of the Commissioned Works.

65. Plaintiff has performed all conditions, covenants, and promises required on its part under the contract.

66. RETNA breached the agreement by, among other things, failing to provide all of the in-kind original art that was agreed to be provided, by failing to pay plaintiff any share of the proceeds from the sale of the Commissioned Works, and by failing to pay the expenses related to the creation of the Commissioned Works.

67. Plaintiff has requested that RETNA perform his obligations under the contract. RETNA has failed and refused to compensate plaintiff fully as agreed under the contract.

68. As a direct and proximate result of defendants' breach of the agreement, plaintiff has suffered damages in an amount to be proven at trial but in no event less

than this Court's minimum jurisdictional limit.

69. As a further direct and proximate result of defendants' breach, plaintiff did not realize the benefit bargained for under the agreement and has been compelled to incur significant consequential damages, including expenses, attorney fees, and other costs in an amount to be determined at trial.

**CLAIM SEVEN**

**Breach of Covenant of Good Faith and Fair Dealing**

**(Against RETNA)**

70. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

71. There is an implied covenant of good faith and fair dealing implied in every contract. This implied covenant requires each contracting party to refrain from doing anything to injure the right of the other to receive the benefits of the agreement.

72. By the conduct alleged above, RETNA breached the implied covenant of good faith and fair dealing in their contracts with plaintiff.

73. RETNA's breaches of the covenant of good faith and fair dealing have directly and proximately caused plaintiff damages.

**CLAIM EIGHT**

**Breach of Fiduciary Duty**

**(Against All Defendants)**

74. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

75. Defendants, and each of them, owed plaintiff a duty to act for and on behalf of the plaintiff, and not to take advantage of, or injure him. Further, defendants, and each of them, owed plaintiff a duty to act prudently and in good faith.

76. Defendants breached their fiduciary duties to plaintiff, as set forth above, by among other things failing to compensate plaintiff his portion of the proceeds as it relates to the sale of the Commissioned Works, and further breached

their fiduciary duties by failing to provide plaintiff a full accounting as it relates to sales of the Commissioned Works.

77. As a direct and proximate result of defendants' breach of fiduciary duty, plaintiff has been damaged in an amount to be proven at trial.

78. The aforementioned acts of defendants were intentional, willful, and malicious, and designed to injure plaintiff. As such, the conduct amounts to oppression, fraud, and malice, and is subject to exemplary and punitive damages all in an amount according to proof at trial.

**CLAIM NINE**

**Money Had and Received**

**(Against All Defendants)**

79. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

80. Defendants, and each of them, received monies from the sale of the joint works, a portion of which was intended to be for the benefit of plaintiff.

81. The portion of monies received by defendants, and each of them, and intended for the benefit of plaintiff was never paid to plaintiff.

82. As a result, defendants and each of them are now wrongfully in possession of monies due plaintiff.

**CLAIM TEN**

**Constructive Trust**

**(Against All Defendants)**

83. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

84. Plaintiff has a financial interest in the Commissioned Works, and in any proceeds gained from the sale of those Works. Namely, plaintiff has the right to share in the financial gain obtained when the Works are sold, and has a right to a portion of the financial gains already received from such sales.

85. Defendants are and were aware of plaintiff's interests described above.

86. Without justification, defendants have sold some or all of the Commissioned Works and has acquired financial gains from such sales, but defendants continue to retain all such financial gains without providing any portion to plaintiff.

87. Defendants are involuntary trustees holding the property of the Commissioned Works as well as the receipts and profits from the sale of such works, in a constructive trust for plaintiff with the duty to re-convey such property to plaintiff.

88. Plaintiff has no adequate remedy at law and imposition of a constructive trust is required to avoid the unjust enrichment of defendants.

**CLAIM ELEVEN**

**Unjust Enrichment**

**(Against All Defendants)**

89. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

90. Defendants have been unjustly enriched as a result of the conduct alleged above in this Complaint.

91. Defendants received a benefit in the form of payments for the sale of some or all of the Commissioned Works, and they have retained all these payments.

92. Retention of these payments by defendants would be unjust and inequitable, as a portion of the payments is owed to plaintiff.

93. Defendants' conduct was done with malice, oppression, and/or fraud through its conscious disregard for the right of plaintiff and by defendants' intentional concealment of the payments from plaintiff.

94. Plaintiff seeks restitution and disgorgement of all ill-gotten gains that defendants received in connection with the sale of Commissioned Works. In addition, the aforementioned acts of defendants were intentional, willful, and malicious, and

designed to injure plaintiff. As such, the conduct amounts to oppression, fraud, and malice, and is subject to exemplary and punitive damages all in an amount according to proof at trial.

**CLAIM TWELVE**

**Cal. Bus. & Prof. Code § 17200 Unfair Business Practices**

**(Against All Defendants)**

95. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

96. As described above, defendants have engaged in unlawful, fraudulent, deceptive, or unfair acts or practices in the conduct of business, which acts or practices constitute unfair competition within the meaning of section 17200 of the Business and Professions Code. Defendants' acts or practices are alleged above and are incorporated here as if fully set forth.

97. Plaintiff has been harmed as a result of defendants' unlawful, fraudulent, deceptive, or unfair acts or practices.

**CLAIM THIRTEEN**

**Cal. Bus. & Prof. Code § 17500 Unfair Business Practices**

**(Against All Defendants)**

98. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

99. Defendants, with the intent to induce members of the public to purchase the Commissioned Works, have made and caused to be made representations concerning the Works and concerning the circumstances and matters of fact connected with the origin, authorship, and/or creation of the Works, which defendants knew were untrue or misleading at the time they were made.

100. Such misrepresentations include, but are not limited to, that the Commissioned Works were created solely by RETNA, and not plaintiff.

101. Plaintiff has been harmed as a result of defendants' false and misleading

advertising.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands judgment against defendants as follows:

A. Under Business and Professions Code section 17203 and 17535, that all defendants, their successors, agents, representatives, employees, and all persons who act in concert with them be permanently enjoined from making any untrue or misleading statements or committing any acts of unfair competition;

B. Under Business and Professions Code section 17203 and 18535, that Defendants be ordered to give full restitution to plaintiff and to disgorge all profits;

C. For an order requiring defendants to account to plaintiff for their profits and any damages sustained by plaintiff;

D. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Photographs used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by defendants without plaintiff's authorization—as well as all related records and documents;

E. For actual damages and all profits derived from the unauthorized use of plaintiff's Copyrighted Works or, where applicable and at plaintiff's election, statutory damages;

F. For a preliminary and permanent injunction prohibiting defendants, and their agents, employees, officers, successors, licensees, and assigned, and all persons acting in concert or participation with each or any of them, from continuing to infringe plaintiff's copyright in the Copyrighted Works;

G. For an award of pre-judgment interest as allowed by law;

H. For attorney fees, costs, and disbursements in this action;

I. For such other and further relief as the Court deems just and proper.

///

///

///

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated: March 8, 2017

Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By: /s/ Peter Perkowski
Peter E. Perkowski

Attorneys for Plaintiff
MICHAEL BRADLEY JOHNSON