UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV17-01877 JAK (Ex) | Date | May 30, 2018 |
|---|---|---|---|
| Title | Michael Bradley Johnson v. Marquis Lewis, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT (DKT. 24)**

I.  **Introduction**

Plaintiff Michael Bradley Johnson ("Plaintiff") brought this action on March 8, 2017, against Marquis Lewis ("Lewis" or "RETNA")[1] and Iron Eye Art Group, Inc. ("Iron Eye") (collectively, "Defendants"). Dkt. 1. The First Amended Complaint ("FAC"), which is the operative pleading, advances the following causes of action: (i) copyright infringement, 17 U.S.C. §§ 106, 501; (ii) vicarious or contributory copyright infringement; (iii) accounting; (iv) breach of contract; (v) unjust enrichment; and (vi) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200. FAC, Dkt. 17 ¶¶ 38-71. Lewis is the only defendant as to the breach of contract claim; the remaining claims are brought against all of the Defendants. *Id.*

On July 11, 2017, Defendants filed a motion to dismiss the FAC under Fed. R. Civ. P. 12(b)(6) as to the copyright claims and certain state law claims, and under Fed. R. Civ. P. 12(b)(1) as to the remaining state law claims. Dkt. 24 ("Motion"). Plaintiff filed an opposition to the Motion on September 7, 2017. Dkt. 33 ("Opposition").[2]  Defendants filed a reply on September 25, 2017. Dkt. 36 ("Reply").

A hearing on the Motion was held on October 30, 2017. Dkt. 37. For the reasons stated in this order, the Motion is **GRANTED** as to the accounting and unjust enrichment claims, and **DENIED** as to all other claims.

II.  **Allegations in the FAC**

Plaintiff and Lewis are artists. The FAC alleges that Plaintiff works with metals and other materials to create two- and three-dimensional artistic works. FAC, Dkt. 17 ¶ 14. It is alleged that Plaintiff uses certain treatments and methods -- including sandblasting, electroplating, electroless plating and acid

---

[1] Lewis is professionally known as "RETNA."
[2] Pursuant to a stipulation filed by the parties, the briefing schedule was extended. Dkt. 31. That order provided that the Opposition was due on or before September 6, 2017. The Opposition was filed a day after that deadline. However, because no prejudice to Defendants has been shown, the Opposition is accepted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01877 JAK (Ex) | Date | May 30, 2018 |
|---|---|---|---|
| Title | Michael Bradley Johnson v. Marquis Lewis, et al. | | |

treatment -- to create distinctive effects on metal artworks. *Id.* ¶ 15. Plaintiff alleges that the type of metal, its shape and form, and the surface-finishing techniques he uses, all contribute to the visual appearance of his art works, and their effect on the viewer. *Id.* ¶ 16.

The FAC alleges that RETNA is a well-known artist primarily recognized for graffiti art, street art and mural art. *Id.* ¶ 10. It is alleged that RETNA sells his works through Iron Eye, a gallery which he owns and operates. *Id.*

In 2014, RETNA allegedly commissioned Plaintiff to make two-dimensional, metal art work based on an original work by RETNA. *Id.* ¶ 17. RETNA allegedly provided Plaintiff with electronic vector files used in RETNA's original work, to which Plaintiff applied his metal finishing techniques to create new works. *Id.* Plaintiff allegedly created six two-dimensional works using this method. *Id.* RETNA also allegedly commissioned Plaintiff to create a glow-in-the-dark bicycle. *Id.* ¶ 19.

During their collaboration, it is alleged that Plaintiff suggested to RETNA that Plaintiff create three-dimensional art works based on a piece of foam that Plaintiff had seen in RETNA's studio. *Id.* ¶ 18. This foam featured RETNA's original art work, which had been milled into it. *Id.* Plaintiff created a mold from the foam, cast the mold in metal, and then used his "signature" metal treatment processes to convert the cast metal into a sculpture. *Id.* Plaintiff allegedly made two, three-dimensional works using this mold. He claims copyright ownership of both (the "Copyrighted Works"). *Id.*

Plaintiff alleges that he created nine artistic works that were commissioned by RETNA. These are the six works of two-dimensional art, the bicycle, and the two Copyrighted Works) (collectively, the "Commissioned Works"). *Id.* ¶ 19. Plaintiff alleges that in connection with the Copyrighted Works, RETNA only provided the electronic files of the two-dimensional works and the piece of foam for the three-dimensional works. Thus, it is alleged that RETNA "provided no meaningful artistic contribution to the Commissioned Works, including the Copyrighted Works." *Id.* ¶ 20.

Plaintiff allegedly filed an application to register the Copyrighted Works with the United States Copyright Office on March 2, 2017. *Id.* ¶ 21; Ex. B to FAC, Dkt. 17-2. It is alleged that the decision by the Copyright Office on this application remains pending. FAC, Dkt. 17 ¶ 21.

It is alleged that RETNA agreed orally to compensate Plaintiff for creating the Commissioned Works, but that RETNA failed to do so. *Id.* ¶ 22. Plaintiff alleges that, although RETNA and Iron Eye initially paid some of Plaintiff's expenses, they did not pay all of them. *Id.* ¶ 23. RETNA allegedly threatened physical violence when Plaintiff asked to be paid for outstanding expenses. *Id.* Plaintiff's business relationship with RETNA and Iron Eye allegedly ended as a result of these threats. *Id.*

The FAC alleges that, at some time after the business relationship between Plaintiff and Defendants ended, Defendants created infringing copies of the Copyrighted Works. *Id.* ¶ 24. Plaintiff alleges that he learned of this copying in or around June 2015. *Id.* ¶ 25. It is alleged that Defendants have created three-dimensional works from molds created out of the same foam object Plaintiff used to create the Copyrighted Works. It is also alleged that these infringing works were created by using the same metal finishing treatments and processes that Plaintiff had applied. *Id.* ¶¶ 26-27. The FAC also alleges that the resulting sculptures (collectively, the "RETNA Works") have the same artistic features and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-01877 JAK (Ex) | Date | May 30, 2018 |
| Title | Michael Bradley Johnson v. Marquis Lewis, et al. | | |

characteristics presented by the Copyrighted Works. *Id.* ¶ 27.[3]

The FAC alleges that Defendants made and sold an unknown quantity of the allegedly infringing RETNA Works, for as much as $250,000 per work. *Id.* ¶¶ 31, 34. It is further alleged that Defendants made these sales in a way that was intended to keep them secret to conceal details about the RETNA Works. *Id.* ¶ 31. These efforts include not displaying the RETNA Works in studios, and requiring prospective and actual buyers to enter non-disclosure agreements with respect to the existence of the RETNA Works. *Id.*

The FAC alleges that Defendants have not made any payments to him in connection with the sales of the RETNA Works. It also alleges that Defendants have not provided Plaintiff with an accounting or similar information about their profits from those sales. *Id.* ¶ 36. The FAC further alleges that RETNA terminated the original collaboration with Plaintiff in part so that Defendants could exploit the RETNA Works without having to pay Plaintiff any portion of the proceeds. *Id.* ¶ 37.

The following images of the Copyrighted Works and the RETNA Works are included in the FAC:



Figure 1: plaintiff's original



Figure 2: RETNA derivative work

---

[3] The FAC refers to the allegedly infringing works as the "Derivative Works." *Id.* ¶ 29. The Copyrighted Works are also derivative works. For clarity, in this Order, the allegedly infringing works are referred to as the RETNA Works.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01877 JAK (Ex) | Date | May 30, 2018 |
|---|---|---|---|
| Title | Michael Bradley Johnson v. Marquis Lewis, et al. | | |



Figure 3: plaintiff's work outlined in red

The FAC alleges that the area within the red boundaries in Figure 3 is entirely Plaintiff's original Copyrighted Work, and that this constitutes a significant portion of the allegedly infringing work. FAC, Dkt. 17 ¶¶ 28-29. The FAC also alleges that there are other similarities between the Copyrighted Works and the RETNA Works, including the following:

- *Shape of Metal*: "[T]he three-dimensional form and shape of the metal is identical for the portion of the [RETNA] Works that is a direct copy of [P]laintiff's Copyrighted Work." *Id.* ¶ 32.
- *Metalwork*: "[O]verall, even where not identical in shape, on information and belief the metal of the [RETNA] Works was forged using the same techniques and in fact the same metal forging company that [P]laintiff used to make the Copyright[ed] Works, thus bringing about a similar look and feel." *Id.*
- *Types of Metal Used*: The RETNA Works incorporate the same type of metal used in the Copyrighted Works. *Id.*
- *Metal Finishing*: "[T]he metal of the [RETNA] Works was finished using the same signature treatment processes, performed by the same company, that [P]laintiff used in creating the Copyrighted Works, thus bringing about a similar look and feel." *Id.*

Based on the foregoing, the FAC alleges that "an ordinary and reasonable viewer would find [P]laintiff's Copyrighted Works and [D]efendants' [RETNA] works substantially similar in the total concept and feel of the works." *Id.* ¶ 33.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01877 JAK (Ex) | | Date | May 30, 2018 |
|---|---|---|---|---|
| Title | Michael Bradley Johnson v. Marquis Lewis, et al. | | | |

**III.    Analysis**

    A.    Legal Standards

        1.    Motion to Dismiss for Failure to State a Claim

Fed. R. Civ. P. 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." The complaint must state facts sufficient to show that a claim for relief is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not include detailed factual allegations, but must provide more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

A party may bring a motion to dismiss a cause of action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support one. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In considering a motion to dismiss, the allegations in the challenged complaint are deemed true and must be construed in the light most favorable to the non-moving party. *Cahill vb. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

        2.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

Fed. R. Civ. P. 12(b)(1) is a mechanism through which a party may contest subject matter jurisdiction. Because federal courts have limited jurisdiction, "a federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Where there is original federal jurisdiction, there is also supplemental jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). However, if all claims over which there is original federal jurisdiction are dismissed, the court has discretion to decline to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The Ninth Circuit has noted that, although *Gibbs* instructs that state law claims "should be dismissed" if no federal claims survive, *Gibbs*, 383 U.S. at 726, that analysis "has never meant that [such claims] *must* be dismissed." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01877 JAK (Ex) | Date | May 30, 2018 |
|---|---|---|---|
| Title | Michael Bradley Johnson v. Marquis Lewis, et al. | | |

B.  Application

1.  <u>The Copyright Claims</u>

To establish copyright infringement, a plaintiff must show (i) "ownership of a valid copyright;" and (ii) "copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Proof of copying "involves fact-based showings that the defendant had access to the plaintiff's work and that the two works are substantially similar." *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (quoting *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000)).

a)  Ownership of a Valid Copyright

Although a copyright owner enjoys property rights without registering the work, registration is a prerequisite to commencing an infringement action under the Copyright Act. *See* 17 U.S.C. § 411(a); *Alaska Stock, LLC v. Houghton Mifflin Harcourt Pub. Co.*, 747 F.3d 673, 678 (9th Cir. 2014). Plaintiff filed an application to register his copyright in the Copyrighted Works on March 2, 2017. *See* Ex. B to FAC, Dkt. 17-2. However, the FAC alleges that the application is pending, and that there was no registration when the FAC was filed. FAC, Dkt. 17 ¶ 21. The Ninth Circuit has adopted the "application approach" to the registration requirement. Thus, submitting a complete application to the Copyright Office is sufficient to satisfy the registration requirement of Section 411(a). *See Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 608 F.3d 612, 621 (9th Cir. 2010). Therefore, the FAC is sufficient to state that the registration requirement has been satisfied.

Defendants argue that there is no valid copyright in the Copyrighted Works because they are derivative of RETNA's original works. Dkt. 24 at 12-13. Plaintiff responds that because the Copyrighted Works were authorized derivatives of RETNA's original work, they are subject to copyright protection. Dkt. 33 at 10.

It is undisputed that RETNA authorized Plaintiff to make the Copyrighted Works by using the foam piece. FAC, Dkt. 17 ¶ 18.[4]  Where a copyright owner has authorized a person to create a derivative work, the person who does so may have a copyrightable interest in the derivative work. *See Steward v. Abend*, 495 U.S. 207, 223 (1990). However, the scope of this copyright interest is limited to the new, protectable contributions to the work. *See U.S. Auto Parts Network, Inc. v. Parts Geek, LLC*, 692 F.3d 1009, 1016 (9th Cir. 2012). Thus, the copyright protection will cover "only the material contributed by the author of such work, as distinguished from the preexisting material employed in the work." *Id.* (citing 17 U.S.C. § 103(b)).

To qualify for copyright protection, "the original aspects of a derivative work must be more than trivial" and the "original aspects of a derivative work must reflect the degree to which it relies on preexisting material and must not in any way affect the scope of any copyright protection in that preexisting material." *Entm't Research Grp. v. Genesis Creative Grp.*, 122 F.3d 1211, 1220 (9th Cir. 1997). As the

---

[4] Defendants argue that "Plaintiff copied RETNA's work to an extent that his resulting sculpture would infringe that underlying work. He had authority to do so only for RETNA himself." Dkt. 24 at 13. This claim that the authorization was so limited, goes beyond the allegations in the FAC. Therefore, it presents a factual issue that is not appropriate for resolution in connection with the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01877 JAK (Ex) | Date | May 30, 2018 |
|---|---|---|---|
| Title | Michael Bradley Johnson v. Marquis Lewis, et al. | | |

Ninth Circuit has explained:

> [T]he first prong of [this] test asks whether the derivative work is original to the author and non-trivial, i.e., possesses [a] minimal degree of creativity . . . The second prong asks whether the author of the derivative work made so few changes to the preexisting work that issuing a copyright for the derivative work would prevent the owner of the preexisting work from exercising some of its rights under copyright law.

*U.S. Auto Parts*, 692 F.3d at 1017 (internal citations omitted).

The FAC sufficiently alleges both prongs of the *Entertainment Research* test. It alleges that Plaintiff used RETNA's original foam artwork to create a mold, that he then cast the mold in metal, and applied treatment processes to finish the cast metal into a three-dimensional sculpture. FAC, Dkt. 17 ¶ 18. The FAC also alleges that the foam was the only material contribution by RETNA to the Copyrighted Works. *Id.* ¶ 20. Therefore, the FAC sufficiently alleges that the Copyrighted Works "possess[] at least some minimal degree of creativity." *Feist*, 499 U.S. at 346; *see also Entm't Research*, 122 F.3d at 1220. There is no showing that Plaintiff's claim to the Copyrighted Works would prevent Defendants from exercising their copyrights in the original foam work.

For these reasons, the FAC adequately alleges ownership in a valid copyright.

        b)        The Substantial Similarity Test

            (1)        Legal Standards

Absent evidence of direct copying, proof of copying "involves fact-based showings that the defendant had access to the plaintiff's work and that the two works are substantially similar." *Funky Films*, 462 F.3d at 1076 (internal quotation marks and citations omitted). Because this is a fact-based inquiry, it is not commonly resolved on a motion to dismiss. *See, e.g., Berkic v. Crichton*, 761 F.2d 1289, 1292 (9th Cir. 1985) ("[S]ummary judgment is not highly favored on the substantial similarity issue in copyright cases."). Of course, there are circumstances where the test is appropriately applied on such a motion. The court may determine non-infringement at the motion to dismiss stage when the copyrighted work and the allegedly infringing work are both before the court "and thus 'capable of examination and comparison.'" *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1123 (9th Cir. 2018) (quoting *Christianson v. West Pub. Co.*, 149 F.2d 202, 203 (9th Cir. 1945)); *see also Gadh v. Spiegel*, No. 14-cv-855-JFW, 2014 WL 1778950, at *3 n.2 (collecting cases where district courts have dismissed copyright infringement claims at the motion to dismiss stage by comparing two works that were part of the pleadings). Dismissal based on the substantial similarity test is appropriate before discovery has been conducted only if it is determined that "[n]othing disclosed during discovery could alter the fact that the allegedly infringing works are as a matter of law not substantially similar to [the copyrighted work]." *Rentmeester*, 883 F.3d at 1123.

Substantial similarity refers to "similarity of expression, not merely similarity of ideas or concepts." *Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1398 (9th Cir. 1997). Thus, only protected expression is relevant for purposes of assessing substantial similarity. *Funky Films*, 462 F.3d at 1077. Consequently, a court must "filter out and disregard the non-protectable elements in making

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01877 JAK (Ex) | Date | May 30, 2018 |
|---|---|---|---|
| Title | Michael Bradley Johnson v. Marquis Lewis, et al. | | |

[its] substantial similarity determination." *Id.* (internal quotation marks omitted). However, the "particular sequence in which an author strings a significant number of unprotectable elements can itself be a protectable element. Each note in a scale, for example, is not protectable, but a pattern of notes in a tune may earn copyright protection." *Metcalf v. Bocho*, 294 F.3d 1069, 1074 (9th Cir. 2002).

The Ninth Circuit applies a two-part test to determine whether two works are substantial similar. *Funky Films*, 462 F.3d at 1077. The first step is the extrinsic test, which is an objective comparison of specific expressive elements. The second step is the intrinsic test. On a motion to dismiss, "courts apply only the extrinsic test; the intrinsic test, which examines an ordinary person's subjective impressions of the similarities between two works, is exclusively the province of a jury." *Id.*; *see also Rentmeester*, 883 F.3d at 1118 ("Only the extrinsic test's application may be decided by the court as a matter of law . . . ."). If a plaintiff cannot satisfy the extrinsic test, substantial similarity cannot be shown, and the intrinsic test need not be applied. *Rentmeester*, 883 F.3d at 1118.

A complaint may be sufficient to state a claim even where the allegedly copied material constitutes only a small portion of the challenged work. *See Baxter v. MCA, Inc.*, 812 F.2d 421, 425 (9th Cir. 1987) ("Even if a copied portion be relatively small in proportion to the entire work, if qualitatively important, the find of fact may properly find substantial similarity."); *Univ. Pictures Co. v. Harold Lloyd Corp.*, 162 F.2d 354, 361 (9th Cir. 1947).

(2)    Application

The FAC adequately alleges that the RETNA Works are substantially similar to the Copyrighted Works. It alleges that the following aspects of the works are substantially similar: (i) the shape of the metal; (ii) the metalwork; (iii) the types of metal used; and (iv) the metal finishing techniques. FAC, Dkt. 17 ¶ 32. The FAC also includes a presentation of a version of the Copyrighted Work in which it is compared to a RETNA Work. *See* Figures 1, 2, and 3 above. This confirms the adequacy of the pleading of infringement.

Defendants argue that each of the four alleged similarities constitutes an idea or process that is not protectable. Dkt. 24 at 14-15 (citing 17 U.S.C. § 102(b)). This position is inconsistent with *Swirsky v. Carey*, 376 F.3d 841, 851-52 (9th Cir. 2004). There, a dispute arose over a song. The Ninth Circuit noted that "[n]o federal court has stated that a musical motive is not protectable because it is an idea." *Id.* at 851. *Swirsky* distinguished "musical motive" from objective facts or "commonplace expressions" which are "indispensable and naturally associated with the treatment of a given idea," and therefore not protected by copyright. *Id.* at 850; *see also Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003) ("[E]xpressions that are standard, stock, or common to particular subject matter or medium are not protectable under copyright law.").

An artist's motive is also a relevant consideration in an analysis of visual art. The expression for which Plaintiff claims protection reflects several artistic choices that he made to transform the foam work into the Copyrighted Works. Nothing in the pleadings or the images that are compared suggests that the copyright claim is based on a commonplace expression that is "naturally associated" with an idea. *Swirsky*, 376 F.3d at 850. *Satava* addressed claims by a sculptor of works based on jellyfish. It held that he could not copyright natural elements and conduct of this animal, including tentacles and vertical swimming. 323 F.3d at 811-12. However, "the distinctive curls of particular tendrils; the arrangement of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01877 JAK (Ex) | | Date | May 30, 2018 |
|---|---|---|---|---|
| Title | Michael Bradley Johnson v. Marquis Lewis, et al. | | | |

certain hues" and other artistic choices not commonplace to the "idea" of jellyfish were protectable features under the Copyright Act. *Id.* at 812; *see also Aurora World, Inc. v. Ty Inc.*, No. 09-cv-08463-MMM, 2011 WL 13176413, at *16 (C.D. Cal. Mar. 14, 2011) ("[E]ven a realistic reproduction of a natural phenomenon may enjoy copyright protection.") (citing *Coquico, Inc. v. Rodriguez-Miranda*, 562 F.3d 62, 70 (1st Cir. 2009); *Kamar Int'l, Inc. v. Russ Berrie and Co.*, 657 F.2d 1059, 1061 (9th Cir. 1981)).

The "ideas" expressed in the Copyrighted Works here are not based on commonplace expressions or natural associations. The works at issue are abstract. The expression is through media that may be considered in the application of the extrinsic test. *See Shaw v. Lindheim*, 919 F.2d 1353, 1369 (9th Cir. 1990) (extrinsic test considers "the type of artwork involved, the materials used, the subject matter, and the setting for the subject."). The "subject matter" here is abstract, but a review of the images does not warrant a finding that, as a matter of law, the expressions are "standard, stock, or common" within the area of abstract art. *Satava*, 323 F.3d at 810. Even if the ideas and processes Plaintiff allegedly incorporated here are not themselves protectable, the "[o]riginal selection, coordination, and arrangement of unprotectible elements may be protectable expression." *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 849-51 (9th Cir. 2012); *see also Metcalf*, 294 F.3d at 1074. What is material to this assessment are the objective similarities in the overall appearance, including but not limited to "the subject matter, shapes, colors, materials, and arrangement of the representations." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 826 (9th Cir. 2002).

The analysis necessary to conclude that, as a matter of law, the Copyrighted Works are not substantially similar to the RETNA works, cannot be conducted based only on the FAC. Without further evidence, it is not possible to assess the overall appearance of the Copyrighted Works when compared to the RETNA works. This is because some of the alleged similarity is inherent in the three-dimensional nature of the works, and neither the images that have been submitted nor the information provided by Defendants sufficiently contradict Plaintiff's allegations that the overall, three-dimensional appearance of the works is substantially similar. Furthermore, the two-dimensional representations of the works show that a portion of the RETNA Work, within the redline boundaries in Figure 3, bears substantial similarity to the Copyrighted Work in Figure 1. Whether this similarity between the works is sufficient to show that the works may be substantially similar presents a question of fact. *Baxter*, 812 F.2d at 425; *Rentmeester*, 883 F.3d at 1123 (determining a lack of substantial similarity on a motion to dismiss may be inappropriate where discovery is required to disclose the potential "the range of creative choices available to the plaintiff . . . in order to determine the breadth of protection available to his work.").

The FAC adequately alleges that the metalwork, the type of metal, and the finishing procedures and techniques are substantially similar in the two works at issue. Those allegations together with the images of the works included in the FAC, are sufficient to state a claim of infringement. Therefore, the Motion is **DENIED** as to the copyright claims.

  2. <u>The State Law Claims</u>

    a) Subject Matter Jurisdiction

Defendants argue that all of the state claims should be dismissed because there is no subject matter jurisdiction. Dkt. 24 at 17. This argument is premised on Defendants' position that the copyright claims lack merit, thereby foreclosing supplemental jurisdiction. *See Gibbs*, 383 U.S. at 726 (If the "federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-01877 JAK (Ex) | Date | May 30, 2018 |
| Title | Michael Bradley Johnson v. Marquis Lewis, et al. | | |

claims are dismissed before trial . . . the state claims should be dismissed as well.").

Because the copyright claims are adequately stated, this corresponding argument fails.

        b)    Preemption

Defendants contend that the Copyright Act preempts the state law claims for unjust enrichment and unfair business practices. Dkt. 24 at 19-20 (citing 17 U.S.C. § 301(a) ("all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright . . . are governed exclusively [by the Copyright Act].").

The Ninth Circuit has established a two-part test for determining whether a state law claim is preempted by the Copyright Act. First, the "subject matter" of the state law claim is assessed to determine whether it falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103. Second, the rights asserted through the state claim are assessed to determine whether they are equivalent to the rights described in 17 U.S.C. § 106. *See Laws v. Sony Entm't, Inc.*, 48 F.3d 1134, 1137-38 (9th Cir. 2006) (citing *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003 (9th Cir. 2001)). "If a state law claim includes an 'extra element' that makes the right asserted qualitatively different from those protected under the Copyright Act, the state law claim is not preempted by the Copyright Act." *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005) (citing *Summit Mach. Tool Mfg. v. Victor CNC Sys.*, 7 F.3d 1434, 1439-40 (9th Cir. 1993)).

Plaintiff argues that both the unjust enrichment and the unfair business practices claims arise out of the prior business arrangement between Plaintiff and Defendants. As a result, the claims "involve[] a broader set of art pieces referred to as the "Commissioned Works"—two-dimensional art works for which Johnson has not asserted copyright claims—as well as a neon bicycle." Dkt. 33 at 18 (citing FAC, Dkt. 17 ¶¶ 17, 19-20). Plaintiff's state law claims pertain to all of the Commissioned Works. Therefore, they involve a subject matter broader than the Copyright Act. For example, the FAC alleges that Defendants failed to compensate Plaintiff for his time and efforts on the Commissioned Works, and that they failed to reimburse him for costs. FAC, Dkt. 17 ¶¶ 22-23. It also alleges that RETNA threatened Plaintiff with physical violence if he continued to seek the payments he was owed. *Id.* ¶ 23. These allegations address matters that exceed the scope of the Copyright Act.

The state claims here are different from those advanced in other cases and deemed preempted by the Copyright Act. *See, e.g.*, *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1152-55 (9th Cir. 2010) (a right of publicity claim, where the "entirety of the allegedly misappropriated vocal performance is contained within a copyrighted medium," is preempted); *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010-11, 1015 (9th Cir. 2017) (same). *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212-13 (9th Cir. 1998), held that the Copyright Act preempted unfair competition claims where the unfair business practices claim was based "solely on rights equivalent to those protected by the federal copyright laws." 152 F.3d at 1213. The allegations here are broader.

The state claims advanced in the FAC are based on all of the Commissioned Works, and are "predicated upon an act incorporating elements beyond mere reproduction, or the like." *G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 904 (9th Cir. 1992) (citing *Oddo*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01877 JAK (Ex) | | Date | May 30, 2018 |
|---|---|---|---|---|
| Title | Michael Bradley Johnson v. Marquis Lewis, et al. | | | |

*v. Ries*, 743 F.2d 630, 635 (9th Cir. 1984)). Because the state claims include "extra element[s]" not covered by the Copyright Act, they are not preempted. *Altera Corp.*, 424 F.3d at 1089.

    c)  Accounting Claim

Defendants claim that Plaintiff has not pleaded facts showing the type of special relationship between the parties that is required to state a claim for an accounting. Dkt. 24 at 18. Plaintiff responds that the claim is adequately alleged because there is an "unliquidated and unascertained amount" owed to him by Defendants in connection with the sale of the unknown number of three-dimensional art works "that cannot be determined without an examination of [Defendants'] books." Dkt. 33 at 15 (citing *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1136-37, *as modified on denial of reh'g* (Feb. 27, 2014).

"An accounting cause of action is equitable in nature, and may be sought where . . . the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable." *Meister v. Mensinger*, 230 Cal. App. 4th 381, 403 (2014) (citing *Civic Western Corp. v. Zila Industries, Inc.*, 66 Cal. App. 3d 1, 14 (1977)). California courts have recognized accounting claims where the defendant has allegedly abused a special relationship with the plaintiff, "such as in cases involving trusts, partnerships and domestic relations, or fiduciary relationships." *Meister*, 230 Cal. App. 4th at 403-04 (citing *Union Bank v. Superior Court*, 31 Cal. App. 4th 573, 593-94 (1995)). Plaintiff must also allege underlying misconduct on the part of the defendant. *See Prakashpalan*, 223 Cal. App. 4th at 1137; *Union Bank*, 31 Cal. App. 4th at 593-94.

The FAC adequately alleges that Defendants engaged in underlying misconduct that led to the non-payment to Plaintiff of an undetermined amount. However, there is no allegation of any "special relationship" between the parties. *See Meister*, 230 Cal. App. 4th at 403-04. Rather, the FAC alleges that the parties entered a business transaction through oral agreements.

For the foregoing reasons, the Motion is **GRANTED**, without prejudice, as to the accounting claim.

    d)  Unjust Enrichment Claim

Relying on *Melchior v. New Line Prods, Inc.*, 106 Cal. App. 4th 779, 793 (2003), Defendants contend that Plaintiff has failed to state a claim for unjust enrichment. *See* Dkt. 24 at 18. *Melchior* held that "there is no cause of action in California for unjust enrichment," and explains:

> The phrase "Unjust Enrichment" does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so . . . . Unjust enrichment is a general principle, underlying various legal doctrines and remedies, rather than a remedy itself . . . It is synonymous with restitution.

*Id.* (internal quotation marks and citations omitted).

Plaintiff responds that *Melchior* does not bar the remedy he is seeking, because restitution is an appropriate remedy given the allegations that he was induced by Defendants to create the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01877 JAK (Ex) | Date | May 30, 2018 |
|---|---|---|---|
| Title | Michael Bradley Johnson v. Marquis Lewis, et al. | | |

Commissioned Works, but was never compensated for his work. Dkt. 33 at 16-17. Under California law "unjust enrichment and restitution are not irrelevant . . . . Rather, they describe the theory underlying a claim that a defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citing 55 Cal. Jur. 3d Restitution § 2). In certain cases in which a plaintiff alleged a claim for unjust enrichment, courts construed the cause of action as one for an alleged breach of an implied-in-fact or quasi-contract claim. *See Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal App. 4th 221, 231 (2014); *Munoz v. MacMillan*, 195 Cal. App. 4th 648, 661 (2011); *Melchior*, 106 Cal. App. 4th at 793.

If the FAC had advanced a well-pleaded quasi-contract claim, it may have been sufficient to state a basis for the remedy of restitution under a theory of unjust enrichment. *Melchior*, 106 Cal. App. 4th at 793. For example, the FAC alleges that Defendants engaged Plaintiff to create the Commissioned Works, agreed to but did not compensate him for that work or associated costs, and then used the works to generate revenues that they did not share with Plaintiff. Dkt. 33 at 16-17; FAC ¶¶ 17-37. However, these allegations were not presented in connection with a quasi-contract claim or another cause of action that could provide the basis for such relief.[5]

For these reasons, the Motion is **GRANTED** as to the unjust enrichment claim, without prejudice to the filing of an amended complaint that adequately states a cause of action for which restitution may be an available remedy.

**IV.    Conclusion**

For the reasons stated in this Order, the Motion is **GRANTED**, without prejudice, with respect to the accounting and unjust enrichment claims, and **DENIED** with respect to all other claims. Any amended complaint shall be filed on or before June 13, 2018.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |

---

[5] "[A]n action based on an implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter." *Lance Camper Mfg. Corp. v. Republic Indemnity Co.*, 44 Cal. App. 4th 194, 203 (1996). The FAC alleges such a contract. However, alternative and inconsistent claims may be advanced in a complaint, *i.e.*, a "claim for restitution is permitted even if the party inconsistently pleads a breach of contract claim that alleges the existence of an enforceable agreement." *Rutherford*, 223 Cal. App. 4th at 231 (citing *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1389 (2012)).